**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2007[*]
Decided February 9, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2595

| | |
|---|---|
| JIMMY SANTIAGO,<br>    *Petitioner-Appellant*, | Appeal from the United States<br>District Court for the Central<br>District of Illinois |
| *v.* | No. 1:05-CV-1176 |
| RICK V. VEACH,<br>    *Respondent-Appellee*. | Joe Billy McDade,<br>*Judge*. |

**O R D E R**

Jimmy Santiago is serving 30 years in federal prison for conspiracy to possess with intent to distribute cocaine base. He petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a disciplinary conviction for trying to acquire an explosive device that resulted in 60 days in disciplinary segregation and the loss of 40 days of good-time credit. Santiago argues that he was denied due process

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

because the Discipline Hearing Officer (DHO) found him guilty without sufficient evidence. The district court denied the petition and we affirm.

While searching Santiago's cell, a prison guard found a hand-drawn diagram illustrating the design of a bomb that could be concealed inside of a book. The guard also discovered a handwritten list of book titles, with corresponding catalog numbers, which included "Middle Eastern Terrorist Bomb Designs" and "Bazooka: How to Build Your Own." The Unit Disciplinary Committee conducted a preliminary hearing at which Santiago admitted that he copied the diagram and book titles from a catalog he allegedly found in the trash. Consequently, the committee referred the case to the DHO and recommended an increase in his charge from possessing unauthorized material, 28 C.F.R. § 541.13, Table 3, 305, to "attempting" or "making plans to" possess or manufacture an explosive device, *see* 28 C.F.R. §§ 541.13(b), 541.13, Table 3, 104. The DHO took the committee's recommendation and relying on a prison official's summary of staff and inmate statements related to the investigation, the actual diagram and list of books, and Santiago's own admissions found him guilty.

After exhausting his administrative remedies without success, Santiago filed his federal petition. He argued that taking the catalog from the trash and copying the design of the bomb and the book titles are not actions that prove he was attempting to acquire a bomb. The government disagreed and provided a declaration from a prison official who stated that the catalog Santiago copied the bomb design and book titles from "has not and would not be allowed in the institution." The court acknowledged that there is "only a loose causal connection" between Santiago's possession of the drawing and a possible attempt to possess or manufacture a bomb, the court nonetheless held that "some evidence" supports Santiago's conviction and denied his petition.

On appeal Santiago presses his argument that the evidence was insufficient, noting that no items necessary to construct a bomb were found in his cell and no evidence shows that he discussed building a bomb with anyone. He contends that, at most, he is guilty of possessing unauthorized materials, a lesser offense. *See* 28 C.F.R. § 541.13, Table 3, 305 (listing sanction as forfeiture of up to 30 days of good-time credit). Due process requires a disciplinary conviction to be supported by at least "some evidence." *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). We apply a "lenient standard" in reviewing the sufficiency of the evidence supporting a disciplinary conviction, asking "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original) (citation omitted).

We agree with the district court that although the evidence was sparse, there was nonetheless "some evidence" to support Santiago's disciplinary conviction. The regulations make clear that "attempting to commit . . . [or] making plans to commit [an offense] in all categories of severity, shall be considered the same as a commission of the offense itself." 28 C.F.R. § 541.13(b). Santiago may not have gathered the materials necessary to build the bomb or discussed his plans, but copying the bomb design was a necessary and substantial first step. If by alluding to his lack of material he implies that he could not actually have built the bomb, his argument is unavailing because factual impossibility is no defense to a prosecution for attempt. *See United States v. Bailey*, 227 F.3d 792, 797 (7th Cir. 2000). And the DHO's fear that Santiago could smuggle the necessary components for the bomb into the prison is not unfounded—inmates have built working book bombs in the past. *See United States v. Saunders*, 166 F.3d 907, 910 (7th Cir. 1999). Finally, while there may be no direct evidence of Santiago's intent to build a bomb, the drawings and list of books are circumstantial evidence that he was planning to do so, and that is enough to support the DHO's determination. *See United States v. Julian*, 427 F.3d 471, 484 (7th Cir. 2005) ("A defendant's intent may be proven through circumstantial evidence."); *Webb*, 224 F.3d at 652 (remarking that even "meager" evidence can support disciplinary sanction). While copying a diagram of a bomb and book titles from a catalog is meager evidence of making plans to manufacture a bomb, especially when the record reveals that Santiago has no history of attempting to build bombs, it provides some evidence to support his conviction and that is enough.

Accordingly, the judgment of the district court is AFFIRMED.